■ SEUNG KWON PARK et al., Appellants, v SPIVEY'S TRUCK-ING & RIGGING COMPANY et al., Respondents. [628 NYS2d 189] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated May 2, 1994, which granted the motion of the defendant Spivey's Trucking & Rigging Company to dismiss the complaint insofar as it is asserted against it for lack of personal jurisdiction. The appeal brings up for review so much of an order of the same court, dated September 14, 1994, as, upon granting reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated May 2, 1994, is dismissed, as that order was superseded by the order dated September 14, 1994, made upon reargument; and it is further,

Ordered that the order dated September 14, 1994, is affirmed, and it is further,

Ordered that the respondents are awarded one bill of costs.

In this personal injury action, two answers were purportedly

served on behalf of the defendant Spivey's Trucking & Rigging Company (hereinafter Spivey's). The first answer contained affirmative defenses of lack of personal jurisdiction and the Statute of Limitations. The second answer, served by a different law firm, did not contain these defenses.

We reject the plaintiffs' contention that the second answer was in fact an amended answer, thus superseding the first answer. We find that the second answer was served by mistake and inadvertence, of which the plaintiffs were on notice, and there was never any intent by Spivey's to waive its affirmative defenses (cf., Keary v Great Atl. & Pac. Tea Co., 96 AD2d 499). O'Brien, J. P., Ritter, Pizzuto and Florio, JJ., concur.